PER CURIAM.
Appellant pled guilty to two informa-tions for robbery and was adjudged guilty and sentenced to serve two terms of twenty years each. Appellant then filed a petition for a writ of habeas corpus and from the subsequent evidentiary hearing *52 it was found that appellant’s right of direct appeal had been thwarted by state action and that he should be afforded an opportunity for full review.
Now, appellant seeks review claimingthat the only reason he pled guilty to the original charge was because the public defender stated to him that the most he would receive was five years in prison.
Costello v. State (Fla.1972) 260 So.2d 198 dealt with a similar problem. There defendant pled guilty and from his responses to the judge's inquiry it appeared that it was a free, a voluntary and a knowledgeable plea. Costello later stated that he pled guilty only because he was led to believe that he would not receive the death penalty. Obviously this did not show from the judge’s inquiry but was supported by an affidavit from Costello’s attorney. Consequently, our Supreme Court held that:
“It is not enough for a defendant to argue that he was under an impression that a promise of a lesser penalty had been made by the judge or prosecutor. A reasonable basis for such an impression must be shown. One was shown here by court-appointed counsel’s affidavit.”
In the instant case not only is appellant’s contention unsupported by 'any affidavit but defendant’s counsel denied ever implying to defendant that he would only receive five years. Further, the record does not support any other reasonable basis for appellant’s charge of being misled. Thus the lower court holding must stand affirmed.
Affirmed.
LILES, Acting C. J., and HOBSON and MANN, JJ., concur.